IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THEODORE E. PEYTON,[1] | § | |
| | § | No. 269, 2015 |
| Respondent Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware in and |
| v. | § | for Kent County |
| | § | |
| DANIELLE E. PEYTON, | § | File No.   CS08-02378 |
| | § | Pet. Nos.   12-40750 & 40751 |
| Petitioner Below, | § | 14-30826 |
| Appellee. | § | |

Submitted:  September 23, 2016
Decided:  December 12, 2016

Before **VALIHURA**, **VAUGHN** and **SEITZ**, Justices.

**O R D E R**

This 12th day of December 2016, having considered the supplemental briefs of the parties and the Family Court record, it appears to the Court that:

(1)    Following their divorce in 2008, the parties, Danielle E. Peyton ("Wife") and Theodore E. Peyton ("Husband"), entered into a stipulation and agreement resolving ancillary issues pertaining to property division and alimony ("the Agreement").  The Agreement, which was signed by the parties and their counsel, was entered as an order of the Family Court on August 25, 2011.

---

[1] By Order dated May 29, 2015, this Court assigned pseudonyms to the parties.  Del. Supr. Ct. R. 7(d).

(2)    In 2015, Wife filed a petition for rule to show cause and specific performance ("the Petition") alleging that Husband had failed to comply with certain provisions in the Agreement and therefore was in contempt of the August 25, 2011 order.  When Husband failed to file an answer to the Petition, the Family Court entered a default judgment against Husband and issued an order that found Husband in contempt of the August 25, 2011 order and granted relief to Wife.

(3)    Husband appealed the default judgment to this Court and moved for a "clarification" of the judgment in the Family Court.  The Family Court deemed Husband's motion for clarification to be a motion for reargument and directed that Husband file an amended motion for reargument.  When Husband filed the amended motion for reargument, the Family Court stayed consideration of the motion pending this Court's disposition of Husband's appeal from the default judgment.

(4)    In January 2016, we remanded this case with jurisdiction retained and asked the Family Court to rule on Husband's amended motion for reargument.  On remand, the Family Court granted the amended motion for reargument and set aside the default judgment.  Also, the court accepted Husband's untimely answer to the underlying Petition and scheduled an evidentiary hearing, which was held on March 8, 2016.

(5)     Following the evidentiary hearing, and in an order dated April 20, 2016, the Family Court granted the Petition.  The court found by clear and convincing evidence that Husband had willfully violated the August 25, 2011 order and that there was no justifiable reason not to enforce the Agreement as written.  Following the issuance of the April 20 order, the Family Court returned the case to this Court.

(6)     Upon return of the case from remand, the parties filed supplemental briefs addressing the April 20 order.  Having considered the parties' briefs and the Family Court record, including the transcript of the March 8 evidentiary hearing, the Court has concluded that the Family Court's April 20 order should be affirmed.  Nothing in the record supports Husband's contentions that the Family Court abused its discretion or otherwise erred when granting the Petition.  Rather, it is clear that the Family Court considered the evidence before it under the appropriate legal standards and applied an orderly and logical deductive process to arrive at findings and conclusions that are amply supported by the record.[2]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[2] *Devon v. Mundy*, 906 A.2d 750, 752-53 (Del. 2006).